**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILLIAM ORFANIDES, : | |
| : | Civil Action No. 05-4173 (JAG) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| GRACE ROGERS, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

William Orfanides, <u>Pro</u> <u>Se</u>
c/o Mr. Timothy Orfanides
121 West 57th Street
Bayonne, NJ 07002

Susan B. Gyss
Office of the Hudson County Prosecutor
595 Newark Avenue
Jersey City, NJ 07306
Attorney for Respondent

**GREENAWAY, JR., District Judge**

Petitioner, William Orfanides, filed a petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on August 24, 2005.  On October 4, 2005, Petitioner filed a Motion for the Appointment of Pro Bono Counsel (docket entry 5).  No opposition was filed by Respondent.  Having considered the motion, pursuant to Fed. R. Civ. P. 78, this Court shall deny the motion for appointment of counsel.

## BACKGROUND

Petitioner filed a habeas petition, pro se, asking for relief based on the following claims:

1.  Petitioner is entitled to a full and fair evidentiary hearing on his second Post-Conviction Relief ("PCR") motion.
2.  Trial counsel was ineffective; therefore, Petitioner's plea was not knowing and intelligent.
3.  Trial counsel was ineffective for failing to investigate; therefore, Petitioner's plea was not knowing and intelligent.
4.  PCR Counsel was ineffective for failing to investigate.
5.  Appellate Counsel was ineffective for failing to investigate.
6.  State Court denied Petitioner due process for failing to adjudicate that Petitioner's plea was not knowing and intelligent due to Brady violations.
7.  State Court denied Petitioner due process and equal protection on second PCR motion by refusing to adjudicate Brady claims.
8.  State Court denied Petitioner due process by refusing to adjudicate the claim of "structural constitutional defect."
9.  State Court denied Petitioner due process by refusing to adjudicate the claim of "cumulative errors."
10. Petitioner's guilty plea was not knowing or intelligent.

See Petition, ¶ 12.  Additionally, Petitioner inserted fourteen pages of legal and factual analysis into his pro se petition explaining each of the above-listed claims in detail.  Petitioner also filed an 82-page brief with an appendix in support of his Petition, along with affidavits and a motion to proceed with less copies.

Subsequent to the filing of the instant motion, Respondent filed an Answer to the Petition, asserting that the Petition is time-barred and/or unexhausted, and alternatively arguing that the Petition should be denied on the merits.

Petitioner seeks the appointment of counsel for the following reasons: (1) he is confined and has benefitted from the assistance of a prison paralegal; (2) he is untrained in law; (3) the legal issues involved in his case are extremely complex; and (4) he is indigent.  See Motion, pp. 3-5.

### DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim.  See Biggins v. Snyder, 2001

---

[1]    Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

WL 125337 at * 3 (D. Del. February 8, 2001)(citing Reese v.
Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(citations
omitted).

Next, the Court must determine whether the appointment of
counsel will benefit the petitioner and the Court by examining
the legal complexity of the case and the petitioner's ability to
present his claims and investigate facts.  See id. (citing Reese,
946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir.
1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir.
1993))(citations omitted).  "Where these issues are
'straightforward and capable of resolution on the record,' or
when the petitioner has 'a good understanding of the issues and
the ability to present forcefully and coherently his
contentions,' the court would not abuse its discretion in
declining to appoint counsel."  Id. (citations omitted); see also
Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1
(D.N.J. July 10, 1992)(stating that the factors the court should
consider in appointing counsel include:  "(i) the likelihood of
success on the merits; (ii) the complexity of the legal issues
raised by the complaint; and (iii) the ability of the prisoner to
investigate and present the case.").

In the instant case, this Court must first determine if
petitioner states non-frivolous, meritorious claims.  In his
petition, Orfanides claims that he was denied effective counsel.

(See Petition for a Writ of Habeas Corpus, ¶ 12).  From the face

of the petition, these contentions do not appear to be frivolous,

and may or may not have merit.  See Neitzke v. Williams, 490 U.S.

319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a

"frivolous" complaint is defined as one which has "inarguable

legal conclusions" or "fanciful factual allegations").

Next, this Court must examine whether the appointment of

counsel will benefit the Court and the petitioner.  The instant

case seems to be fairly "straightforward and capable of

resolution on the record."  See Parham, 126 F.3d at 460 (citing

Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).  Orfanides

has shown his capability to proceed pro se by filing numerous

applications to this Court, including briefs, letters, and

motions.  Also, because he is convicted, Orfanides has access to

the prison law library and a limited ability to investigate the

law.  See Jones v. Kearney, 2000 WL 1876433 at *2 (D. Del.

December 15, 2000).  Petitioner, admittedly, has the assistance

of a prison paralegal.

Additionally, Petitioner's claims are not complex and are

capable of resolution on the record.  This Court's review of the

Petition is limited to reviewing whether the state court

adjudications:

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as

determined by the Supreme Court of the United
States; or

(2) resulted in a decision that was based on
an unreasonable determination of the facts in
light of the evidence presented in the State
court proceeding.

See 28 U.S.C. § 2254(d).

Lastly, the record provided by Respondent should provide the
Court with the information needed to discern the crux of
Petitioner's claims and resolve this case.  At present, it does
not appear that expert testimony will be required.

At this early point in the proceedings, this Court shall
deny Petitioner's motion to appoint counsel, as it does not
appear that the appointment of counsel would benefit both
Petitioner and this Court.

**CONCLUSION**

Based on the foregoing, Petitioner's motion seeking the
appointment of counsel shall be denied.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  May 19, 2006